**In re TELECTRONICS PACING SYSTEMS, INC., Accufix Atrial "J" Leads Products Liability Litigation**

No. 1057
No. C–1–95–87.

United States District Court,
S.D. Ohio,
Western Division.

April 10, 2001.

Richard Stuart Wayne, Strauss & Troy—1, Cincinnati, OH, Stanley Morris Chesley, Waite, Schneider, Bayless & Chesley—1, Cincinnati, OH, Ronald Richard Parry, Arnzen Parry & Wentz PSC, Covington, KY, for Eugene H. Owens.

Ronald Parry, Arnzen Parry & Wentz PSC, Covington, KY, for Elise Marie Owens

Frank Chester Woodside, III, James Albert Comodeca, Iber, Dinsmore & Shohl—1, Cincinnati, OH, Charles P Goodell, Jr, Richard M Barnes, Goodell DeVries Leech & Gray, Baltimore, MD, for TPLC Inc., Telectronics Holdings Ltd.

Gerald Joseph Rapien, Daniel R Warncke, Taft Stettinius & Hollister, Cincinnati, OH, for Telectronics Pty Limited

Amanda Frost, Public Citizen Lit. Group, Washington, DC, for Public Citizens, amicus.

SPIEGEL, Senior District Judge.

This matter is before the Court on Public Citizen's Motion to Clarify and Correct the Court's March 8, 2001 Orders (docs.1121) and the Plaintiffs' Steering Committee's Response (doc. 1123). Public Citizen did not file a Reply in this matter.

On March 8, 2001, this Court issued two Orders in regards to the class action settlement of this case (*see* docs. 1105–1107). In the First Order, the Court found the Second Settlement Agreement and Plan of Allocation to be fair, adequate and reasonable (doc. 1105). In the Second Order, the Court awarded attorneys' fees and costs to the Plaintiffs' Steering Committee ("PSC"), Plaintiffs' Counsel, and Public Citizen (doc. 1106).

On March 16, 2001, Public Citizen filed a Motion to Clarify and Correct the Court's March 8, 2001 Orders (doc. 1121). Shortly

thereafter, the PSC filed its Response (doc. 1123); to which Public Citizen did not file a Reply.

In its Motion to Clarify, Public Citizen informed the Court that it was limiting its arguments in the following way:

> Because Public Citizen does not wish unnecessarily to cause delay, and because, aside from clarification of the Court's order regarding Public Citizen's attorneys' fees, Public Citizen submits this motion as *amicus curiae*, Public Citizen is not filing this motion pursuant to Federal Rule of Civil procedure 59(e). Thus, this motion will not extend the period during which the Court's judgment can be appealed.

(doc. 1121). In addition, Public Citizen asserts that it requests the Court correct certain allegedly factual errors in our Orders (*Id.*).

First, in regards to the Order for the Approval of the Applications for Fees and Expenses (doc. 1106), Public Citizen asks this Court to clarify whether we awarded it seventy-seven thousand dollars ($77,-000.00)—which was a misprint on the last page of the Order—or seventy-six thousand, two-hundred dollars ($76,200.00) in attorney fees (doc. 1121)—which was requested by Counsel at the Hearing. The PSC did not offer a Response to this particular issue (*see* doc. 1123).

Having reviewed this matter, the Court hereby CLARIFIES for the record that in regards to our March 8, 2001 Order for the Approval of the Applications for Fees and Expenses (doc. 1106), Public Citizen is hereby AWARDED their attorney fees, as requested at the February 15, 2001 Hearing, based on their lodestar amount of an average hourly rate of $200.00 per hour, times the 381 documented hours worked, for a total attorney fee of seventy-six thousand, two-hundred dollars ($76,200.00).

Second, Public Citizen requests that this Court amend our Order for the Approval of the Second Settlement (doc. 1105), in order "to reflect [the] fact that Public Citizen did produce evidence, in the form of discovery responses, of side agreements by the PSC in which they promised to pay attorneys' fees to private counsel" (doc. 1121).

In its Response, the PSC contends that "the Court's [March 8, 2001 Order] accurately reflected the state of the record and that modifications or clarifications to the Court's Order approving the settlement are unnecessary" (doc. 1123).

Having reviewed this matter, the Court acknowledges that Public Citizen may disagree with the factual and/or legal conclusions made by this Court in our March 8, 2001 Orders. However, the record is also clear that, we found Plaintiffs' Counsels' and the former Objectors' support for the Second Settlement were not contingent on any unlawful or fraudulent "side deals," "secret agreements," or "collusive conduct" undertaken by the PSC and Plaintiffs' Counsel. But rather, we found that the PSC and Plaintiffs' Counsel had engaged in discussions involving the general allocation of fees and costs for services benefitting the Class as a whole. Furthermore, the potential range of those fees depended on whether, when, if, and what amount of fees and costs were going to be awarded by this Court. That award was not known by any of the Parties to this action until our March 8, 2001 Orders were filed, docketed, and distributed on that day (*see* docs. 1106–1108).

Indeed, even in connection with the First Settlement, many of the former "Objectors" and their Counsel submitted Applications for Fees and Expenses because the private plaintiffs' attorneys understood that their involvement in this litigation contributed to the First Settlement and,

thus, benefitted the Class as a whole. Therefore, the fact that Counsel for the former "Objectors" expected payment for their services from this Court's fee award is neither surprising, nor evidence of unlawful or fraudulent "side deals," or "secret agreements," or "collusive conduct" by the PSC and Plaintiffs' Counsel.

Moreover, we reaffirm our initial finding that, no credible evidence was produced by Public Citizen of any such "side deals," "secret agreements," or "collusive conduct" in its memoranda or during the February 15th Hearing. In addition, both the PSC and the Plaintiffs' Counsel who were present during the Hearing denied the existence of any such deals on the record and before this Court.

Therefore, the Court will not amend its findings in this regard as requested by Public Citizen (*see* doc. 1121). Accordingly, the Court hereby DENIES that part of Public Citizen's Motion to Clarify and Correct the Court's March 8, 2001 Orders, which requested this Court amend our findings as to the issue of the evidence supporting alleged "side deals" (*Id.*).

Furthermore, the Court, at this time, takes no position as to the truth or strength of the PSC's allegations of possible unethical conduct that were asserted against Public Citizen in the PSC's memoranda and during the Hearing (*see* docs. 1029, 1097 & 1123, Ex. A); specifically, in regards to Public Citizen's alleged misconduct involving:

(1) the soliciting of class members in person or by phone in an effort to encourage the members to file Objections to the Second Settlement; and

(2) the apparently unauthorized use of the work product of a private attorney, Phillip Hunter, Esq., Counsel for the former "Robinette Objectors," in regards to Mr. Hunter's unfiled Objections, as well Public Citizen's speculating as to his possible mo-

tives for withdrawing those potential Objections (*see* docs. 1029, 1096, 1097, 1121 & 1123, Ex. A).

Finally, the Court DIRECTS the Settlement Master to this action to immediately IMPLEMENT the terms and provisions of this Courts' March 8, 2001 Orders, the Parties' Second Settlement Agreement as well as the Second Plan of Allocation, because more than thirty days (30) have passed since the approval of the Second Settlement and the Applications for Fees and Expenses by this Court. Therefore, the Courts' Orders, the Parties' Agreement, and the Plan of Allocation are now deemed to be final and non-appealable determinations in regards to the overall settlement of this action (*see* docs. 1105–1107).

SO ORDERED.